**FILED**

AUG 15 2022

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

Mr. Adrian Kentron Madin JR., )

Tdoc #547334 . )

Pro'se - Plaintiff )
(Enter above the NAME of the
plaintiff in this action.) )

)

v. Warden )

Mr. Mike parris (understaff ) )

Stacey oakes 3 Steve jones )

c/o Ms. Kaylyn Coffey et al., )
(Enter above the NAME of each
defendant in this action.) )

Civil Suit Complaint

Case No. 3:22-MC-00029-KAC-jem .

8th Amendment use. of. force
abuse. under. color. of. state.
law. Violation(s) et al.

3:22-cv-282

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. Section 1983)

I.     PREVIOUS LAWSUITS

A.     Have you begun other lawsuits in state or federal court dealing with the same facts
involved in this action or otherwise relating to your imprisonment? YES ( ) NO (✓)

B.     If your answer to A is YES, describe the lawsuit in the space below. (If there is more
than one lawsuit, describe the additional lawsuits on another piece of paper, using the
same outline.)

1.     Parties to the previous lawsuit:

Plaintiffs: _____

_____

Defendants: _____

_____

# 1

2.  COURT (If federal court, name the district; if state court, name the county):

_____

3.  DOCKET NUMBER: _____

4.  Name of Judge to whom case was assigned: _____

5.  Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____

6.  Approximate date of filing lawsuit: _____

7.  Approximate date of disposition: _____

II.  PLACE OF PRESENT CONFINEMENT: <u>Morang County / M.C.C.X</u>

A.  Is there a prisoner grievance procedure in this institution? YES (✔) NO ( )

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure? YES (✔) NO ( )

C.  If your answer is YES,

1.  What steps did you take? <u>on 9 /30th/ 2021 i file [an]</u>
    <u>Inmate grievance against My use of force abuse</u>.

2.  What was the result? <u>The grievance Chairperson Staff</u>
    <u>Cpl.; Byrge; Never answer (not once).)</u>

D.  If your answer to B is NO, explain why not. _____

_____

E.  If there is no prison grievance procedure in the institution, did you complain to the prison authorities? YES (✔) NO ( )

F.  If your answer is YES,

1.  What steps did you take? <u>i Contact warden: Mike parris</u>
    <u>under inmate request form sheet He Never Answer</u>.

                    # 2.

2. What was the result? Warden: Mike parris Vidated my First Amendment By freedom of speech.

## III. PARTIES

(In item A below, please your name in the first blank and place your present address in the second blank. Do the same for any additional plaintiffs.)

A. Name of plaintiff: Mr. Adrian Kentron.madin JR.

Present address: M.C.C-X 541 Wayne cotton morgan Drive Wartburg T 3788 7

Permanent home address: 2925 Wingate Street memphis TN 38127-825

Address of nearest relative: 3398 covington pike. memphis TN 38128.

(In item B below, place the FULL NAME of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the additional names, positions, and places of employment of any additional defendants.)

B. Defendant: Mr. Mike parris / Supervisory Liability.

Official position: M.C.C.X Head warden.

Place of employment: Morgan county Correctional Complex

C. Additional defendants: C/o s kaylyn Coffey, Derrick daughten A.T.W. Steve jones, + Stacy oakes eTaL.

## IV. STATEMENT OF CLAIM → 8Th AmendmenT use of force abuse under color of State LAW Violation(s).

(State here as briefly as possible the FACTS of your case. Describe how EACH defendant is involved. Include also the names of other persons involved, dates and places. DO NOT give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.)

Thus Come(s) prose - plaintiff: Mr. Adrian Kentron JR. This is a civil action authorized by 42 u.S.C aT →

# 3.

Section 1983 To redress The deprivation .,
under color of State Law., of rights secured By
The Constitution of The united States .

This Court has jurisdiction under 28 u.s.c. aT
Section 1331 & 1343 (a) (3) . / Plaintiff Seeks
declaratory relief pursuant To 28 u.s.c section 2283
& 2284 & Rule 65 of The federal Rules of Civil
Procedure .

This u.s. district Court of knoxville, Tennessee
is appropriate Venue under 28 u.s.c. section aT
1391. (b) (2) because it is where The events givin
rise To This Claim occurred .

Thus on September 29, 2021 c/o Ms. Kaylyn Coffey
Said defendant did unlawfully Violated The
Tennessee Law aT T.C.A. § 41-1-103 oaTh of office
as She opened " a" maximum Security Door
without first placeinng Hand cuff(s) on
Plaintiff : mr. Adrian kenTron. madin JR.,
This Viconnet Video System at unit 23 - B pod
aT Cell # 208 will Be use as (Extibit # 1.)
& Subpoena were The above defendant c/o ms. Coffey
was proceeding To assult The held
above plaintiff as She did force
Her finger(s) in His facial area .,

→

IY. Statement of Claim 5 of 18.

As Plaintiff Made His at temp To smack'ed defendant: C/O. Coffey's hands away from His face She The above defendant pressed Her said emergency panic button To get Help from Several un'known officers Which arrived in The unit 23 - B pod indoor area including Said Defendant: Derrick Doughtery., at This time Plaintiff was peppered Sprayed in His mouth eye(s), ear(s), nose, area(s) & jump'ed on By Assult(s) from Derrick Doughtery & oTher un'know official officer(s) as They all Slam'ed Plaintiff To floor & forcefully Place handcuff(s) on Him as all Defendant(s) are on (Exhibit #1) The Yiconnet Video System Seen Takening Plaintiff To The institutions intake gallery & place Him in cell by The unknown amount(s) of officer(s) including Defendant: Derrick Doughtery., were Able To Subpeng (Exhibit #2) Which is The held "institutions intake gallery area". on arrival in This holding cell plaintiff was force To face The wall But He was unable To See Because His Vision Black'ed out from The pepper-spray. as His Handcuffs were being removed Plaintiff Heard "an" officer(s) voice say "Go"., & He was Being Assaulted By ATTack(s) of Hit(s) made By Punch(s) with close fist along with Being Kick(s) Several time(s) in The Body→

; The Back of His Head area(s) were several minutes Had passed before This Beating Have been Stopped.

Were plaintiff: Mr. Adrian Kenton Madin Jr., Heard one un'known officer speaking ; say Let(s) go fellas, He(s) not fighting Back He's demoralized, He's a Bitch. This was said out loud several time(s) doing This false attack The above plaintiff Cry'ed out in anguish To Stop.

as several hour(s) Had passed were The above plaintiff was approached by said defendant(s): Derrick Daughter ; justin moore as The Both proceeded To Take several photo(s) of plaintiff(s) Body injure's were defendant(s) order Him To Turn at different angles as again withaut warring defendant: justin moore Hit plaintiff Twice with [an.] close fist ; daughter with The help of Two other un'knowns officer(s) Took plaintiff To The ground ; They all state'd To Barage of kick(s) To His entire body ; plaintiff was Then put Back into Hand Cuff(s) a second time.

Thus plaintiff would like To use (Exhibit #3.) By Subpoena at time apxx: 11:30 AM  haer(s) of "institutions intake gallery Holding Cell room area." of This 3rd Beating was never giveing ankind of relief from The receiving of medical attention au during beginning of This incident. ⟶

IV. Statement of claim 7 (P.) 18.

Therefore Defendant(s). Warden Mr. Mike parris, Head Warden. 3 under staff warden(s) Steve jones. + Stacy Oakes. which are all held To Be under Supervisory Liability Because under The Body of Tennessee Law at T.C.A. § 41-1-104 at (b) The custody, welfare. conduct 3 Safekeeping of The inmates Shall be The responsibil of The warden. who will examine into The affairs of The institution daily To assure That proper Standards are maintained.

This was deprived By deprivation under color of State Law as all understaff defendant(s) Has Clause violation(s) within T.C.A. § 41-1-b3 at area (A.) all officers and other persons so employed To control 3 manage The penitentiary for The State Shall. before entering upon The discharge of Their duties. take 3 subscribe The following oath. Plaintiff Ayer(s) / Defendant(s) c/o Ms. Kaylyn Coffey 3 c/o Mr. Derrick Doughtery + unknow official Correctional officer(s) unlawfuly act'ed against (C.) The violation of This oath by any of The officer(s) "or" employees Shall be perjury Punishable as in other Cases of perjury. Were plaintiff ayer That all Warden(s) name'd above are held responsible under area at (b.) The oath of The assistant or deputy Commissioner / Wardens 3 Superintendents Shall be filed with The

I V. Statement of Claim 8 (OF) 18.,

Secretary of State. The oaths of all other
employees shall be filed with the Commissioner of
Correction.

Therefore pro'se - plaintiff: Mr. Adrian Kenton. madin Jr.
HAS State a claim for relief being that
the warden(s) are responsibility for none prope[r]
training of there understaff(s) Defendant(s),
during physical altercations thus failed ←
to properly guide officer(s) in their duties
By official public Tennessee. department. of.
Correction'(s) M.C.C.X penitentiary officer(s)
HAS cause [Eighth Amendment(s) violation(s)]
done By the use of unlawful force which HA[S]
open relief under Section 1979 of the Revised
Statutes of the united states [42 U.S.C. 1983] is
amended By adding at the end the following, → it shall
not be a defense "or" immunity in any action braugh[t]
under this section against a local law enforcement
officer (as such term is defined in section 2. of the
George Floyd justice in policing act of 2021.) There-
fore plaintiff: mr. Adrian Kentron. madin Jr., Aver
Defendant: Tony Parker, former Tdoc Commissione[r]
is held under responsibility Due because
of Supervisory Liability Because His understaf[f]
member'(s) HAS deprived T.C.A § 41-1-103 thu[s]
the violation(s) made against T.C.A § 41-1-104 at

warden. tower's 3 d ⟨?⟩s error(s) of State Law Both

area(s) (A) , (B) . 'Pin point(s)
under The SAid' direction & control of The
Commissioner of Correction .
Which open '(s.) Tennessee State LAW under
T.C.A. § 4-3-606 Powers & duties . were ←
The department of Correction shall exercise all The
rights . Power s & duties described in chapter 6
of This title & otherwise Vested By LAW in The
department . The Commissioner , & The Commissioners
officers , assistants & employee(s) . Therefore inorder
To state a claim must allege That The
supervisors were somehow personally involved in
The SAid un'constitutional personally Activity
as The Defendant : Tony Parker . is SAid By
Law is required under The grand(s) of
official-Capacity action . . . Because
a governmental entity To be liable under
§1983 Civil Suit only when The entity itself
is [an] Moving force ✓ behind The held
deprivation Thus in [an] official-capacity suit
The entity(s) Policy "o" Custom must have played
apart in The Violation of federal LAW
as see → T.C.A. §41-1-103 oath of office
was The moveing force That Clause clear
Deprivation Done By it(s) Supervisory liabilit-
Theory only because The former: Commissioner

Mr. Tony Parker , Under Staff Warden : Mr. Mike Parris

IV. Statement of Claim 10 (of) 18.

Morang County State prison Correction officer(s) was personally involved or acquiesced in any unconstitutional conduct as plaintiff aver His Claim(s) Thus fall(s) against above held Defendant: Tony Parker., for each allowed illegal action(s) outline under (Supervisory Liability. See exparte young teaches that when a state officer act(s) under a state law in a manner violative of the federal constitution, he (or) she come(s) into conflict with the Superior authority of that constitution & he (or) she is in that case (Stripped) of his said official (or) representative character & is Subjected in his person to the consequence of his [individual conduct.] Thus plaintiff Claim(s). Deprivation which can be held liable for Damage(s) where the failure to Supervise due Amount(s) to → (Deliberate Indifference) to the rights of persons incarcerated guiding this said Determination is the Supreme Court(s) recent decision in City of Canton v. Harris. 489 u.s. 378. 109. S. Ct. 1197., 103. L. Ed. 2d. 414. at. (1989). liability only were the failure to Train Amount(s) to ground(s) (Deliberate Indifference) to the right(s) of persons with whom the police came into Contact.

as were Come(s) Primary Authority at →

fed. R. of. civil p., 8 any claim(s) for relief must contain Allegations That shows That The Plaintiff: mr. Adrian K. madin JR., was deprive of right(s) Guaranteed By The Constitution (of) The Law(s) of The united State(s)., Thus To State a valid claim for relief That is plausible on it(s) face "an" complaint must contains Sufficient factual matTater(s) as Accepted as True → Heinrich v. waiting angels adoption Services., inc., 66 8. f. 3d. 3993., 403 (6Th cir. 2012) & ingomex v. u. s. aa v. fed sav. bank., 171. f. 3d. 794. 795 -96 (2nd cir. 1999)) The above Plaintiff Aver(s) holding That dismissal of a pro'se complaint under §1915(e)(2)(B) should be done with leave To amend unless The court can rule ait any possibilit however unlikely it might be That The amended complaint would succeed in stating a claim up on its face → Lopez v. Smith., 203 f. 3d. 1122., 1124. (9Th cir. 2000)) (en banc) (Same) See) Dazrowx v. ScoTT 136. f. 3d. 1054. (5 Th cir. 1998) ← a holding under 42 u.s.c. § 1997 (e) (c) That The dismissing a prose complaint contains a potentially cognizable claim as → plaintiff should be allow To particularize The claim •
Thus Therefore Plaintiff Aver(s) furTtermore., federal rule(s) of civil procedure 8 (a) (2) requires only a short & plain statement of The claim showing

That The pleader is entitled "To relief".
Specific facts are not Necessary.,
The statement need only Give The defendant(s)
fair notice of what The claim is & The
held Ground(s) upon which it rest. aT
Id. 2200 (quoting under Twombly 127., S. ct. at
526 f. 3d. 291., 1964).

As come(s) The pro'se plaintiff: Mr. Adrian Medina JR.
Seek(s) To make entry of His(s) infliction of
unnecessary Pain & Suffering along with The
inflicted use of force amount(s) To The
unnecessary & Wanton infliction of Pain a
Plaintiff Seek(s) $250,000.00 dollar(s) against
Defendant: Ms. Kaylyn Coffey., for The hel
Pain & Suffering abuse & $250,000.00
dollar(s) against The above defendant for
Mental distress abuse & $250,000.00
dollar(s), against The above defendant for
Physical & Mental damer abuse & $250,000.00
dollar(s) against The above defendant for
emotional distress + Mental anguish as The
full Total for conduct by The held said
defendant: Ms. Kaylyn Coffey., abuse under color
of State law By depriving plaintiff of His
Civil right(s) Apply(s) $1000,000.00 Dollar(s) as
Plaintiff Seek(s) $250,000.00 dollar(s) against
Defendant: Derri Doughtery., for The held

Pain & suffering abuse & $250,000.ºº dollar(s) against
Mental distress abuse.

& $250,000.ºº dollar(s) for physical & mentaldanger
abuse. & 250,000.ºº dollar(s) for emotional distress
+ mental anguish, as the full conduct by the said
defendant : Mr. Derrick Doughtery., abuse under color
of State Law by depriving planitiff of His civil
right(s) total amount $1,000.ºº dollar(s)
along with prose-plaintiff : Mr. Adrian Kentron Madin Jr.,
seek(s) $250,000.ºº dollar(s) against both of the
defendant(s) C/o:Ms. Kaylun Coffey., & Co-party
Staff : Mr. Derrick Doughtery., for the Violation
of Tennessee, Law under the said
T.C.A. §41-1-103 officers & employees., oaths &
affirmations. Thus Due to area (C)⟶ the
violation of this oath by any of the officers or
employees shall be perjury punishable as in other
cases of perjury.

Therefore each warden(s)/Mr. mike parris, & His
under Staff/Mr. Steve jone(s)., along with
Mr. Stacy oake(s)., are held against
the said $250,000.ºº dollar(s) each
for the clause of under Staff Violation
of the Tennessee Law at TCA§41-1-103 at
(A): Which was deprived by deprivation at
area

Plaintiff Seek(s) $250,000.⁰⁰ 'dollar '(s) from each held Said Warden(s) for The Violation '(s) of Tennessee Law aT Said T.C.A-§ 41-1-104 et Warden, powers & duties., Were area (b.) was Never Applied before "or" after The fact of The under staff C/o(s) use-of-force Abuse Which was done out of (Malicious inTenT). ThaT clause The first amendmenT- proTecTed inTeresT Violation (s) Could itself Consti tute compensable injury Wholl aparT from any → emotional distress, humiliation & personal indignity, emotional pain, embarrassme fear, anxiety, & anguish suffered. By The Said Pro se- plaintiff : mr. Adrian Kentron. Madin JR., Thus Consequently The basic purpose of § 1983 damages is To Compensate person for injuries ThaT are caused By The deprivation of Constitutional rights as review → Carey V. piphus, 435. u.s. at, 254., 98.s.CT. aT 1047, (emphasis added) See id ,257., 98. s.CT. aT 1049 (damages awards under) § 1983 Should be governe by The principle of Compensation.

as Come The above Said plaintiff Seek(s) 250,000.⁰⁰ dollar(s) againsT each Warden(s) for The Said Supervisory Liability Thus for it(s) breach of duty(s) Because of one (s) Held Said physical injury(s) & or To one(s) Health.

→

I Y. STATement of Claim 15 (of) 18 .,

See at/ Memphis community School disT Y. Stachura.
477 U.S. 299. 106. S.Ct. 2537. 91. L.Ed. 2d. 299.
(1986)) Plaintiff Aver ⓢ _Accordingly_. When¸1989 Plaintiff
Who Seek damages for Violation ⓢ of any Kind
of Constitution righT ⓢ . The Level of damages
is ordinarily deTermined according To principles
derived from The Common Law of TorTs., Thus
Therefore The full amounT should stand $750,000.⁰⁰
dollar ⓢ against The Warden ⓢ MusT Be Said
To uphold _ThaT amounT_., → because of There held
of it ⓢ held said understaff C/o Ms. Kaylyn Coffea
3 Her CoParty staff _Mr. Derrick DoughTher_., main
EnvironmenT Which Has clause suffered made By
retaliatory action ⓢ done of prison officials .
_See at/_ LafounTain Y. Harry united STaTes courT of
Appeal ⓢ ., sixth circuit May 22., 2013. 716. F.3d.
944. 85. fed. R. Ser Y. 3d. 1166)
Therefore plaintiff seek ⓢ $1,000,000.⁰⁰ dollar ' ⓢ
against Tdoc/Commissioner : _Ms. Lisa HelTon_ .
due To SuperVieisor liability *
were Her understaff Warden ⓢ un Constitutional
Behavior of alleged DeprivaTion can be Held
Liable for Damages Where The failure
To Supervise amounT ⓢ To down righT
[Deliberate indifference] To The right ⓢ
of 9 persons incarcerated aT The ⟶

Tennessee department of correction(s) This determination is The Supreme Court(s) recent decision in city of Canton Y. Harris, 489 u.s. 378. 109 .S.Ct. 1197. 103 .L.Ed. 2d. 412. (1989.) in Canton The city appealed as sixth circuit decision which held That a municipality could be liable for failing adequately To Train its STaff police force where The municipality recklessly. intentionally, (or.) With gross negligencece failed To Train its officer(s) under circumstances in which a deprivation of constitutional right(s) was substantially certain To result.

As under Tennessee Law aT T.C.A.§ 4-3-603 Commissioner(s) dutie(s) : Ms. Lisa HelToN Her understaff warden(s) aT Morang County State prison Lower Level(s) C/o s abuse was said actionable by deprivation(s) ThaT was clause by The based on [misuse of power] possessed By Virtue of State Law 3 made possible only because The wrongdoer(s) is clothed with The authority of State Law". / As The Tennessee Law aT T.C.A.§ 4-3-606 power 3 dutie(s) Has Been unlawfuly Blind it(s) dutie To, provide fair Training To uphold it(s) duty 3 Such Training which Should ensure PlainTiff His SafeTy against deprivation Borrows →

See / Hutto v. Finney. 437 U.S. 678. 98. S. Ct. at 2565., 57. L. Ed. 2d. 522 (1978)) if it is cruel 3 unusual punishment To #316 hold convicted criminals' in unsafe conditions.,

it must be unconstitutional To Confine The involuntarily committed -- who may not be punished at all -- in unsafe conditions.

as This clause [an] Eighth Amendment error(s) Made against [Deliberate indifference] As Pro'se - plaintiff : Mr. Adrian k. madin JR., After(s) The Tennessee. department. of. Correction Short for (T.d.o.C) are under T.C.A§ 8-8-303. Waiver of governmental immunity., appointed special deputies Special Volunteer 3 reserve sheriffs deputies ) Because at area (b) 3 The plaintiff Shall be required To Such special deputy., Whether The special deputy is acting Within The Scope of employers "or" not.

Such immunity from Suit Shall not Apply in The case of special Volunteer "or" Said reserve sheriffs deputies While performing official law enforcement duties under supervision "or" direction of The Sheriff.

As under → 28 U.S.C.A. § 1343 Civil rights 3 elective franchise at area (A) The district Courts Shall have original jurisdiction of any civil action authorized by law To be commenced By any person. Were all Defendant(s) in This Civil Suit are under The 1979 Acts. Section 3 of Pub. + 96-170 provided That: The Amendment Made by This Act →

[Amending This Section & Section 1983 of Title 42 ,
The public Health & welfare.]

Shall apply with respect To any deprivation of
~~rights~~ , privileges , "or" immunities secured by The
Said Constitution & Laws occurring after the date
of The enactment of This act (Dec. 29. 1979) Therefore
The Defendant (s) refused & ignoring The Said
imminent risk Caused To prose-plaintiff mr. madianT
By [Use . of . force] Which Clause Assault By
unlawfu attack(s) of C/o ms. kaylyn Coffery . ;
Co party Staff : mr. Derrick daughtery were The face
of This Civil Suit Complaint Validate deprivation
Under Color of State Law as Morang County State
prison official(s) Have deprived away from it(s)
own T.C.A.§41-1-103 area (A) Made Count'less
violation(s) against The oath of office under.
officers & employees , oaths & affirmation(s) at
(C) → The violation of This oath by any of The officers
"or" employees shall be ~~perjuy~~ Punishable as in other
Case(s) of perjury .
Thus The full giveing amount $6,000,000 Million dollars
Dollar '(s) Should Stand Under The review of This
u.s. district Court of Knoxville, Tennessee as prose
Plaintiff HAS State a Claim for relief upon its face
as Defendant (s) are To answer under Rule 8 at a req
(B) → Defenses . ADmission & Denials . / (end.)

(State BRIEFLY exactly what you want this Court to do for you.  Make NO legal arguments.
Cite NO cases or statutes.)

(A) → Plaintiff Seek(s) His right under 7Th AmendmenT
relief To a jury Trial because My Self prose
Mr. Adrian KenTron madin JR., SubmitTed
enough factual maTTer(s) To SupporT (any) 8Th AmendmenT
Violation(s) use of force abuse under color of STate Law

SIGNED THIS  **08Th**  DAY OF  August  , 20 **22** .


x mr. Adrian K. madin JR.,
SIGNATURE OF PLAINTIFF

5

(B) → Plaintiff seek(s) The defendant: mrs. Lisa Helton
which is The Head T.d.o.c Commissioner upholds
Her Tdoc policy index # 305.01 Employee disciplinary
action(s) .

Under I V. Definition (A) appointing Authority were
Morang County Main Waden defendant: Mr. Mike Parris , du
Apply unsatisfactory Conduct against His held
Under staff C/o(s) Defendant(s) : Ms. Kaylyn Coffey &
Co party Mr. Derrick Doughtery ., & all unknown
officer(s) on VicanneT Video system Day of The
said September 29, 2021 .

all be held against area(C) → dismissal(s)
The termination of [an] employee from His/Her
position for disciplinary reason's .
as The Law of The land stand(s) By Plaintiff
relief stand(s) under → T·C·A·§ 8-30-316 ·,
The notice of Termination must outline reasons
for The dismissal & explain how The good of its
service is served ' by The action .

V. relief 3 (of) 3 .

Thus prose/plaintiff Mr. Atrian K. Madin JR.,
Seek(s) That all defendant(s) are To Be
Held against The Tennessee law within Said
T.C. A § 8-8-302 Suits against county
anyone incurring any wrong, injury, loss damage,
or expense resulting from any act (or) failure To
act  expense resulting from any act clause
on The part of any deputy appointed By The Sheriff
May bring Suit against The county in which The
Sheriff Serves, provided, That The deputy is
at The time of such occurrence, as its clear
[Acting by Virtue of or Under color of The office,
as all defendant(s) are under Indidval capacity
Under This Civil Suit §1983 Complaint as By Law
Under Administrative policies & procedures State
of Tennessee department of correction index #105.0
at area V policy → (Tdoc employees who are
Sued or Subpoenaed in Their professional
capacity Shall receive Service of process, &
Notification of The Suit or Subpoena).

"end"

# Sworn Affidavit

Plaintiff request max $6,000,000 dollar's (so Dollar's), if This lawsuit goe(s) Before a jury Trial 3 PLAINTIFF is giveing all fairness Through out jury Trial verdict goe's in this Behalf (or) if all defendants can come TogeTher within "A" fair seTTlemenT deal agreement Between max cap request above as inorder To keep The civil complaint suit From Going To Trial Before jury of (6) member(s) due emotional distress 3 suffering abuse.) 3 The Eighth Amendment use, of force under color of STATE LAW abuse.) 3 Mental distress abuse 3 Cruel 3 unusal punishment abuse.) 3 physical 3 mental danger.) 3 deliberate Indifference abuse.) 3 Superveisor liability violation(s) which clause failure of duty(s) To provide such Training To ensure Safety under The Tennesse LAW T.C.A.§ 41-1-183 oath 3 employees, oath 3 affirmation(s) 3 violation against T.C.A.§ 41-1-104 warden, power 3 duties.

x _Adam Alexander_

Pro'se Plaintiff. Date 7/30/2022.

x _[signature]_

Notary Public sworn To 3 subscribed Before Me

This ___3oth___ day of ___July___ 20 2².

My Commission expires on __6__/__22__/__22__.

end.

— Sworn Affidavit —

Plaintiff × Mr. Adrian Madin JR ___ . State under oath he would like This Court To due Hand pick The Civil Suit jury Trial of Said Start of 12 3 droped down To just (6) Member(S) from The Knoxville, TN 3 Said ChaTTanooga TN District area(S) as No jurors Can Be apart of This jury Trial if He (or) She have any kind of family Member(S)

ThaT HAS ever worked for The jail System County(S) under The State of Tennessee (or) The Tennessee department of Correction(S) ← as public officals (/or) Staff member(S) "or" any Higher level State paid job(S) within The State of Tennessee.

as The jury member(S) will be of Both Color(S) White 3 Black Plaintiff State(S) its Never about The Race Card within This lawsuit BuT righ from Wrong 3 The unlawfu deprivation 3 field disrespect under oath of Color of State Law abus from each Said DefendanT(S) ThaT disowned The above Plaintiff right(S)

rose plaintiff × _____ , Date 7/30/2022.

notary → × _____ Sworn To 3 Subscribed To Before me This 30th day of July 20 22.
my Commission expires on 10/22/22.

end.

[Notary seal: JOHN R GRUBBS — STATE OF TENNESSEE — NOTARY PUBLIC — MORGAN COUNTY]