# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ADRIAN KENTRON MACLIN, JR., | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:22-CV-282-KAC-JEM |
| WARDEN MIKE PARRIS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On October 5, 2022, this Court entered an Order giving Plaintiff, who is proceeding pro se, fourteen (14) days to pay the $402 filing fee in this action [Doc. 10]. The Order warned Plaintiff that "**failure to comply with this Order will result in the dismissal of this action without further notice**" [*Id.* (emphasis in original)]. The deadline to comply has passed, and Plaintiff has not responded to the Order or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

First, Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault. It appears that Plaintiff received the Court's previous Order but chose not to comply with it.[1] Second, Plaintiff's failure to comply with the Court's Order has not prejudiced Defendants because they have not been served. Third, the Court's Order warned Plaintiff that failure to timely comply would result in this action being dismissed [Doc. 10]. Finally, alternative sanctions are not appropriate here because Plaintiff has failed to comply with this Court's clear instructions. These factors support dismissal of this action under Rule 41(b).

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, the Court **DISMISSES** this action **with prejudice**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.

---

[1] The Clerk mailed the Court's Order to the Morgan County Correctional Complex ("MCCX"), Plaintiff's address of record when he filed the suit, and to Plaintiff's anticipated post-release address of record [*See* Doc. 10]. MCCX returned the Order with a notation that Plaintiff was "no longer in custody" [Doc. 11 at 3]. The Order sent to Plaintiff's anticipated post-release address of record, however, was not returned to the Court. "Where letters have been properly sent, we presume that they have reached their destination in the usual time and have been received by the person to whom they were addressed." *Crace v. Kentland-Elkhorn Coal Corp.*, 109 F.3d 1163, 1166 (6th Cir. 1997).

*See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
